# UNITED STATES DISTRICT COURT

## FOR THE

## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BROWNMARK FILMS, LLC      )<br>       **Plaintiff,**     )<br>    )<br>    v.         )<br>    )<br>COMEDY PARTNERS,     )<br>MTV NETWORKS,     )<br>PARAMOUNT PICTURES CORPORATION, )<br>SOUTH PARK DIGITAL STUDIOS LLC, and )<br>VIACOM INTERNATIONAL, INC.,     )<br>    )<br>    **Defendants.**     ) | Civil Action No.: |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

NOW COMES BROWNMARK FILMS, LCC by and through its attorney of record, CAZ McCHRYSTAL, complaining against COMEDY PARTNERS, MTV NETWORKS, PARAMOUNT PICTURES CORPORATION, SOUTH PARK DIGITAL STUDIOS LLC, and VIACOM INTERNATIONAL, INC. as follows:

## JURISIDCTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

2. This court has Jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over all the Defendants by virtue of their transacting, doing, and soliciting business in this District, because a substantial part of the relevant events occurred in this District, and because a substantial part of the property that is the subject of this action is situated here.

4. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES

5. Plaintiff Brownmark Films, LLC (hereinafter referred to as "Brownmark") is a limited liability company organized under the laws of Wisconsin with its principal place of business located at 1718 North 1st Street, Milwaukee, WI, 53212.

6. Based upon information and belief, the Defendant, Comedy Partners, is an unincorporated division of Viacom International, Inc., which is a Delaware corporation with its principal place of business located at 1515 Broadway, New York, NY 10036 and operates the cable television network commonly known as "Comedy Central."

7. Based upon information and belief, the Defendant, MTV Networks, is an unincorporated division of Viacom International, Inc., which controls, is responsible for, and/or oversees Comedy Partners and the television network commonly known as "Comedy Central." MTV Networks is owned by Viacom International, Inc.

8. Based upon information and belief, the Defendant, Paramount Pictures Corporation (hereinafter referred to as "Paramount"), is a corporation incorporated under the laws of Delaware, with its principal place of business located at 5555 Melrose Avenue, Hollywood, CA 90038.

2

9. Based upon information and belief, the Defendant, South Park Digital Studios LLC (hereinafter referred to as "South Park"), is a limited liability company organized under the laws of Delaware, with its principal place of business located at 1515 Broadway, New York, NY 10036 which produces and distributes the television program commonly known as "South Park" which airs on the television network commonly known as "Comedy Central" and is distributed and/or publicly performed through numerous other platforms.

10. Based upon information and belief, Viacom International, Inc. (hereinafter referred to as "Viacom") is a corporation organized under the laws of Delaware, with its principal place of business at 1515 Broadway, New York, NY 10036.

## PLAINTIFF'S OWNERSHIP OF COPYRIGHT

11. In 2007, Brownmark created an original music video known as "What What (In the Butt)" which is copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq.*

12. Brownmark has complied in all respects with the provisions of the Copyright Act, and on July 17, 2007, Brownmark registered the copyright in "What What (In the Butt)" with the United State Copyright Office and secured Certificate of Registration No. PA0001385418, a copy of which is attached hereto as Exhibit "A."

13. Brownmark is, and at all relevant times has been, the owner of the copyright in "What What (In the Butt)." Brownmark has never assigned the copyright in "What What (In the Butt)" to any other entity.

3

# DEFENDANTS' ACTS OF INFRINGEMENT

14. On or about April 2, 2008 an episode of the television show "South Park," titled "Canada on Strike," was aired on the television network "Comedy Central." In that episode, a character in the show, Butters, is seen singing the musical composition "What What (In the Butt)" as part of a music video produced by himself and his incorrigible cohorts.

15. The music video Butters and his friends create is a nearly frame-by-frame recreation of the heart of the audiovisual work "What What (In the Butt)" created and copyrighted by Brownmark.

16. "Canada on Strike" has aired repeatedly on "Comedy Central" and has been syndicated to appear on numerous other television networks throughout the United States and abroad.

17. "Canada on Strike" was and continues to be available to users at South Park's website.

18. "Canada on Strike" was and continues to be available both by streaming, upon request by users, and for download through such services as iTunes and Amazon.com.

19. "Canada on Strike" was and continues to be available on DVD and Blu-Ray disc as part of the "South Park Season 12 (Uncensored)" video distributed by Paramount.

## Count I – Direct Copyright Infringement (Prepare Derivative Works)

20. Brownmark re-alleges and incorporates by reference paragraphs 1-19 above as if fully set forth herein.

21. The Defendants, Comedy Partners, MTV Networks, South Park, and Viacom, without the permission or consent of Brownmark, and without authority, have prepared a derivative work of "What What (In the Butt)." The Defendants' conduct constitutes direct

4

infringement of Brownmark's exclusive right under the Copyright Act to prepare derivative works.

22. The Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Brownmark.

23. As a direct and proximate result of the Defendants' infringement of Brownmark's copyrights and exclusive rights under copyright, Brownmark is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Brownmark's election, pursuant to 17 U.S.C. § 504(b), Brownmark is entitled to its actual damages plus the Defendants' profits from infringement.

24. The Defendants' conduct is causing, and unless enjoined by this Court, will continue to cause Brownmark great and irreparable injury that cannot fully be compensated or measured in money. Brownmark has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Brownmark is entitled to a permanent injunction requiring Defendants to employ reasonable methodologies to prevent or limit infringement of Brownmark's copyrights.

## Count II – Direct Copyright Infringement (Public Performance)

25. Brownmark re-alleges and incorporates by reference paragraphs 1-24 above as if fully set forth herein.

26. The Defendants, Comedy Partners, MTV Networks, South Park, and Viacom, without the permission or consent of Brownmark, and without authority, have and continue to publicly perform and purport to authorize the public performance of Brownmark's registered copyrighted audiovisual works. The Defendants cause these works to be publicly performed on the television network Comedy Central and on other networks

5

through syndication, through South Park's website, and through other third-party services. The Defendants' conduct constitutes direct infringement of Brownmark's exclusive right under the Copyright Act to publicly perform its copyrighted audiovisual works.

27. The Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Brownmark.

28. As a direct and proximate result of the Defendants' infringement of Brownmark's copyrights and exclusive rights under copyright, Brownmark is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Brownmark's election, pursuant to 17 U.S.C. § 504(b), Brownmark is entitled to its actual damages plus the Defendants' profits from infringement.

29. The Defendants' conduct is causing, and unless enjoined by this Court, will continue to cause Brownmark great and irreparable injury that cannot fully be compensated or measured in money. Brownmark has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Brownmark is entitled to a permanent injunction requiring the Defendants to employ reasonable methodologies to prevent or limit infringement of Brownmark's copyrights.

## Count III – Direct Copyright Infringement (Public Display)

30. Brownmark re-alleges and incorporates by reference paragraphs 1-29 above as if fully set forth herein.

31. The Defendants, without the permission or consent of Brownmark, and without authority, are publicly displaying and purporting to authorize the public display of Brownmark's registered copyrighted audiovisual works. The Defendants cause these works to be

6

publicly displayed by showing individual images of infringing video clips on South Park's website, DVD and Blu-Ray packaging materials, and other platforms. The Defendants' conduct constitutes direct infringement of Brownmark's exclusive rights under the Copyright Act to publicly display their copyrighted audiovisual works.

32. The Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Brownmark.

33. As a direct and proximate result of the Defendants' infringement of Brownmark's copyrights and exclusive rights under copyright, Brownmark is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Brownmark's election, pursuant to 17 U.S.C. § 504(b), Brownmark is entitled to its actual damages plus the Defendants' profits from infringement.

34. The Defendants' conduct is causing, and unless enjoined by this Court, will continue to cause Brownmark great and irreparable injury that cannot fully be compensated or measured in money. Brownmark has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Brownmark is entitled to a permanent injunction requiring the Defendants to employ reasonable methodologies to prevent or limit infringement of Brownmark's copyrights.

## Count IV - Direct Copyright Infringement (Reproduction)

35. Brownmark re-alleges and incorporates by reference paragraphs 1-34 above as if fully set forth herein.

36. The Defendants, Comedy Partners, MTV Networks, Paramount, South Park, and Viacom, without authority, are making, causing to be made, and purporting to authorize the making of unauthorized copies of Brownmark's registered copyrighted audiovisual

7

works. The Defendants' conduct constitutes direct infringement of Brownmark's exclusive right under the Copyright Act to reproduce its copyrighted works.

37. The Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Brownmark.

38. As a direct and proximate result of the Defendants' infringement of Brownmark's copyrights and exclusive rights under copyright, Brownmark is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Brownmark's election, pursuant to 17 U.S.C. § 504(b), Brownmark is entitled to its actual damages plus the Defendants' profits from infringement.

39. The Defendants' conduct is causing, and unless enjoined by this Court, will continue to cause Brownmark great and irreparable injury that cannot fully be compensated or measured in money. Brownmark has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Brownmark is entitled to a permanent injunction requiring the Defendants to employ reasonable methodologies to prevent or limit infringement of Brownmark's copyrights.

## Count V – Direct Copyright Infringement (Distribution)

40. Brownmark re-alleges and incorporates by reference paragraphs 1-39 above as if fully set forth herein.

41. The Defendants, Comedy Partners, MTV Networks, Paramount, South Park, and Viacom, without authority, are distributing, causing to be distributed, and purporting to authorize the distribution of unauthorized copies of Brownmark's registered copyrighted audiovisual works. The Defendants' conduct constitutes direct infringement of Brownmark's exclusive right under the Copyright Act to distribute its copyrighted works.

8

42. The Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Brownmark.

43. As a direct and proximate result of the Defendants' infringement of Brownmark's copyrights and exclusive rights under copyright, Brownmark is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Brownmark's election, pursuant to 17 U.S.C. § 504(b), Brownmark is entitled to their actual damages plus Defendants' profits from infringement.

44. The Defendants' conduct is causing, and unless enjoined by this Court, will continue to cause Brownmark great and irreparable injury that cannot fully be compensated or measured in money. Brownmark has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Brownmark is entitled to a permanent injunction requiring the Defendants to employ reasonable methodologies to prevent or limit infringement of Brownmark's copyrights.

## Count VI – Vicarious Copyright Infringement

45. Brownmark re-alleges and incorporates by reference paragraphs 1-44 above as if fully set forth herein.

46. The Defendants, Comedy Partners, MTV Networks, and Viacom International, Inc., are vicariously liable for the infringing acts of South Park. The Defendants had and continue to have the right and ability to supervise South Park's infringing conduct and to prevent South Park from infringing Brownmark's copyrighted audiovisual works. In addition, the Defendants have a direct financial interest in the infringing acts of South Park.

47. The Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Brownmark.

9

48. As a direct and proximate result of the Defendants' infringement of Brownmark's copyrights and exclusive rights under copyright, Brownmark is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Brownmark's election, pursuant to 17 U.S.C. § 504(b), Brownmark is entitled to their actual damages plus Defendants' profits from infringement.

49. The Defendants' conduct is causing, and unless enjoined by this Court, will continue to cause Brownmark great and irreparable injury that cannot fully be compensated or measured in money. Brownmark has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Brownmark is entitled to a permanent injunction requiring the Defendants to employ reasonable methodologies to prevent or limit infringement of Brownmark's copyrights.


WHEREFORE, Brownmark Films, LLC moves this Honorable Court to find in its favor and against the Defendants as follows:

(a) For a declaration that "Canada on Strike" willfully infringes Brownmark's copyrights both directly and secondarily.

(b) For a permanent injunction requiring that the Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, cease directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of, any of Brownmark's respective copyrights or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created.

10

(c) For statutory damages pursuant to 17 U.S.C. § 504(c) or in the alternative, pursuant to 17 U.S.C. § 504(b), for actual damages plus the Defendants' profits from infringement.

(d) For Brownmark's costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

(e) For pre- and post-judgment interest according to law.

(f) For such othe r and further relief as the Court may deem just and equitable.

Respectfully submitted,

_Attorney for Plaintiff_, Brownmark Films, LLC

November 1, 2010

Caz McChrystal
Wisconsin State Bar No.: 1069668
6649 W. Mount Vernon Ave.
Milwaukee, WI 53213
Tel: (715) 346-4660 Fax: (715) 346-3310
email: caz.mcchrystal@uwsp.edu

11