UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BROWNMARK FILMS LLC,

                                        Plaintiff,

v.                                                                  Case No. 10-CV-1013-JPS

COMEDY PARTNERS,
MTV NETWORKS,
PARAMOUNT PICTURES
CORPORATION,
SOUTH PARK DIGITAL STUDIOS
LLC, and                                                        ORDER
VIACOM INTERNATIONAL INC.

                                        Defendants.

On August 23, 2011, Brownmark Films filed three documents. The first is an expedited motion to: (1) disregard the defendants' August 17, 2011 Reply; (2) disregard the Reply's accompanying Objections to Evidence Submitted in Opposition to Defendants' Motion to Recover Attorneys' Fees and Costs; and (3) strike the Reply's accompanying Declaration of Jeff Glasser. (Pl.'s Exp. Mot. to Disregard Def.'s Reply, Objections, and Declaration, 1). In this Expedited Motion to Disregard, Brownmark objects to the defendants' submissions as being untimely filed under Local Rule 54(a)(3). (*Id.*, at 1–2).

The second of Brownmark's filings is an expedited motion requesting that the Court set a briefing schedule in regard to defendants' evidentiary objections (which Brownmark also challenged as untimely in its Expedited Motion to Disregard, as noted above). (Pl.'s Exp. Mot. to Set Br. Sched., 1). In support of its request for a briefing schedule, Brownmark argues that the defendants' objections are too general. (*Id.*). Thus, Brownmark asks the Court

to set an entirely separate briefing schedule "such that Defendant[s] may enlighten Plaintiff and this Court as to the substance of its objections and Plaintiff may provide on-point responses to such objections without merely guessing at defendants' argument." (*Id.*, at 2).

The last of Brownmark's August 23, 2011 filings is a "Reply to [defendants'] Response." (Docket #41). In fact, this document appears to be a sur-reply to the defendants' response, which the Court did not request and which Brownmark did not seek leave to file. Unlike the first and second of Brownmark's August 23, 2011 submissions, this "Reply" does not make any objections to the defendants' filings. Instead, it makes a substantive argument against the defendants' claim for fees and costs. (*See* Pl.'s Reply to Resp., 2–13).

By their August 30, 2011 submission, the defendants have responded to all three of Brownmark's filings.

Having given due consideration to the parties' submissions, the Court will deny Brownmark's Motion to Disregard, grant Brownmark's Motion to Set a Briefing Schedule, and will disregard Brownmark's sur-reply. The Court will decide the issue of attorney fees and costs after the parties have had a chance to brief the Court on issues relating to defendants' evidentiary objections.

I.      Brownmark's Motion to Disregard Defendants' Response and Objections to Evidence and to Strike the Declaration of Jeff Glasser

Brownmark argues that the Court should disregard the defendants' Reply in Support of Motion to Recover Attorneys' Fees and Costs and its accompanying documents. Brownmark argues that the defendants' Reply was untimely filed under Civil Local Rule 54(a)(3), which states that cost-

Case 2:10-cv-01013-JPS   Filed 09/27/11   Page 2 of 6   Document 43

claimants "*must* serve any response within 7 days of service of the objections." (Emphasis added.)

However, Local Rule 54 does not apply to briefs that relate to an award of attorney fees and costs. Local Rule 54 applies only to the procedure for a bill of costs – *not* to motions seeking attorneys fees, such as the defendants' motion in this case. The Court agrees with the defendants' assessment of this issue: Federal Rule 54(d)(2) governs all claims for attorney fees and related nontaxable expenses. That Rule requires that such claims be made by motion, unless they must be proved at trial. *Id.* In copyright cases, prevailing defendants do not have to prove their fees at trial. *See* 17 U.S.C. § 505.

Thus, in order to request attorney fees and costs, the defendants were *required* to do so by motion. Being appropriately made by motion – and not as a bill of costs, as Brownmark suggests – the defendants' request is subject to the briefing schedule set forth in Local Rule 7. That briefing schedule requires that a movant's reply be made within fourteen days of the filing of the non-movant's response.  Civ. L.R. 7(c).  Defendants timely filed their Reply within fourteen days of Brownmark's Response.

Therefore, the defendants complied with Federal and Local Rules in filing their Reply and accompanying Objections and Declaration. The Court denies Brownmark's request, and will not disregard the defendants' Reply brief, Objections to Evidence, or the Declaration of Jeff Glasser.

II.     Brownmark's Request to Set a Briefing Schedule in Regard  to Defendants' Objections to Evidence

Brownmark has also requested, by motion, that the Court set a briefing schedule in reference to the defendants' Objections to Evidence. The Court will do so.

While the Court is somewhat reluctant to request further briefing in a case that is as flush with filings as this one, the Court agrees with Brownmark that additional briefing is warranted to address the defendants' evidentiary objections. The defendants have made several objections to the Declarations of Caz McChrystal and Robert Ciraldo, most of which are rather conclusory statements such as "Improper Legal Conclusion," followed by a string citation of supporting cases.

To help the Court make an informed decision on the defendants' objections, it requests that the parties file short briefs on the issue. The Court invites the defendants to file the first brief of not more than 10 pages, clarifying its objections to the McChrystal and Ciraldo Declarations. Brownmark may follow with a response of not more than 10 pages. To the extent that they deem necessary, defendants may then file a reply of not more than 5 pages.

III.    Brownmark's Sur-Reply

Parties typically cannot submit unauthorized sur-reply briefs. The Federal Rules of Civil Procedure do not provide for the filing of a sur-reply by any party.  Similarly, Civil Local Rule 7 authorizes parties to file only three types of legal memoranda relating to motions:  the original brief supporting a motion; the non-moving party's response; and the moving party's reply. *See* Civ. L. R. 7. However, Local Rule 7(I) does set forth two situations in which a party may file a document such as a sur-reply:  first, when a court authorizes its filing; and, second, when it is accompanied by a motion requesting leave to file it.

Brownmark's sur-reply does not fit in either of those two categories; as such, it is an impermissible filing, and the Court will ignore it in reaching a decision on fees and costs. No matter how Brownmark has titled its "Reply

-4-

to Cost-Claimants' Response . . . ", they cannot hide that the document is, in fact, a sur-reply. This Court did not authorize such an additional filing by Brownmark, and Brownmark did not submit an accompanying motion requesting leave to file it.

Further, given the volume of filings by Brownmark relating to the issue of fees and costs, the Court does not feel obliged to make an exception to the Local Rules. The Local and Federal Rules authorize contestants of attorney fees and costs to file only a Response; thus, in contesting the defendants' claim to fees and costs, Brownmark should have anticipated that its Response would be the only brief it would be allowed to submit, and accordingly made its case adequately in that brief.

Because Brownmark's sur-reply is not authorized by the Local or Federal rules, was not authorized by the Court, and was not accompanied by a motion requesting leave to file, the Court will not consider sur-reply (titled "Reply to Cost-Claimants' Response . . . ") in deciding the fees and costs issue. *See, e.g.*, *Zahurance v. Valley Packaging Indus.*, 2010 U.S. Dist. LEXIS 24333, *14 (E.D. Wis. March 16, 2010), *Tran v. Kriz*, 2009 U.S. Dist. LEXIS 118076, at 11–12 (E.D. Wis. Dec. 18, 2009) (citing Civil L.R. 7.1(c), (f); Civil L.R. 56.2(b), (c), (d)), *Coe v. Milwaukee County*, 2007 U.S. Dist. LEXIS 49499, *3 (E.D. Wis. July 6, 2007).

Accordingly,

IT IS ORDERED that the plaintiff's "Expedited Non-Dispositive Motion to Disregard Cost-Claimants' Response and Objections to Evidence and to Strike the Declaration of Jeff Glasser" (Docket #39) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that the plaintiff's "Expedited Non-Dispositive Motion to Set a Briefing Schedule in Regard to Defendants' Objections to Evidence" (Docket #40) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the parties, in accordance with the order granting plaintiff's request for a briefing schedule, shall submit to the Court their briefs in accordance with the following guidelines:

(1) Defendants' Initial Brief in Support of Their Objections to the Declaration of Caz McChrystal (Docket #37-1) and Robert Ciraldo (Docket #37-2), shall not exceed Ten (10) Pages, and shall be submitted by Friday, October 14, 2011; and

(2) Plaintiff's Response Brief shall not exceed Ten (10) Pages, and shall be submitted by Friday, November 4, 2011; and

(3) Defendants' Reply Brief shall not exceed Five (5) Pages, and shall be submitted by Friday, November 18, 2011; and

IT IS FURTHER ORDERED that plaintiff's sur-reply brief (also titled "Plaintiff's Reply to Cost-Claimants' Response in Support of Motion to Recover Attorneys' Fees and Costs") (Docket #41) shall be DISREGARDED from the Courts' consideration in reaching a decision on the issues of attorney fees and costs.

Dated at Milwaukee, Wisconsin, this 27th day of September, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge